IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SAU F. O'FALLON,
an individual,

       Plaintiff,

v.                                                    Case No.:

TEGNA, INC., a Delaware corporation,
and TEGNA EAST COAST
BROADCASTING, LLC, a Delaware
limited liability company,

       Defendant.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff SAU F. O'FALLON ("O'Fallon"), by and through undersigned counsel, sues Defendants TEGNA, INC. ("TEGNA") and TEGNA EAST COAST BROADCASTING, LLC ("East Coast") (collectively, TEGNA and East Coast will be referred to as "Defendants") and alleges:

**JURISDICTION**

1.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. 1331; 28 U.S.C. 1343; 28 U.S.C. §1367(a); and 42 U.S.C. 2000e, et seq. (Title VII of the Civil Rights Act of 1964), as amended by the Civil Rights Act of 1991.

2. At all relevant times, TEGNA was an employer engaged in an industry affecting interstate commerce as defined by 42 U.S.C. 2000e(b).

3. At all relevant times, East Coast was an employer engaged in an industry affecting interstate commerce as defined by 42 U.S.C. 2000e(b).

4. At all relevant times, O'Fallon was an employee employed by TEGNA or East Coast or a predecessor to East Coast as defined by 42 U.S.C. 2000e(f).

5. All conditions precedent to the filing of this action have occurred or been waived. Specifically, O'Fallon timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and the EEOC issued a Notice of Rights on November 23, 2022.

**VENUE**

6. Venue is appropriate in this judicial district pursuant to 28 U.S.C. 1391(b).

7. O'Fallon is a natural person who resides in this district and state as defined by 28 U.S.C. 1391(b) and (c).

8. TEGNA is a Delaware corporation doing business in the State of Florida and in this district as defined by 28 U.S.C. 1391 (b), (c), and (d).

9. East Coast is a Delaware limited liability company doing business in the State of Florida and in this district as defined by 28 U.S.C. 1391 (b), (c), and (d).

10. All or substantially all of the events or omissions giving rise to these claims occurred in this district as defined by 28 U.S.C. 1391(b)(2).

## FACTS

11. O'Fallon is a female of Asian heritage over the age of 40 years and is therefore in multiple protected classes under applicable Federal law.

12. TEGNA owns WTSP Channel 10 ("the Station"), a television broadcast station physically located in Pinellas County, Florida and broadcasting throughout the Tampa Bay metropolitan area.

13. East Coast is a Delaware limited liability company that is wholly owned by TEGNA. TEGNA is the manager of East Coast as the term "manager" is defined by Delaware Code Title 6, §18-101(10). East Coast operates the Station under the direction of TEGNA officers and employees. All material decisions and actions by East Coast that are alleged herein were made by TEGNA officers and employees.

14. At all times material hereto, TEGNA employed more than 500 employees. At all times material hereto, East Coast employed more than 500 employees.

15. O'Fallon began working at the Station in 2014 as a Research Director.

16. O'Fallon consistently received excellent reviews of her work from her supervisors. Until the last events described below, O'Fallon was never demoted, suspended, formally reprimanded, or otherwise disciplined in any way by her supervisors.

17. On September 13, 2021, Defendants notified all employees of the Station that all employees would need to be vaccinated with the COVID-19 vaccinations ("the Vaccine Mandate"). In that notice, Defendants stated they would provide medical and religious exemptions as long as the employee agreed to comply with specific masking and testing requirements.

18. In compliance with the Vaccine Mandate, O'Fallon submitted a written request for a religious exemption from the Vaccine Mandate based on her good faith religious beliefs. In her written request, O'Fallon confirmed she would comply with all of Defendants' masking and testing requirements.

19. Notwithstanding O'Fallon's expressed willingness to comply with Defendants' requirements under the Vaccine Mandate, the Station notified O'Fallon it would terminate her.

20. When O'Fallon reiterated her willingness to follow the masking and testing requirements of the Vaccine Mandate, Defendants' representative spoke

further with O'Fallon. After those discussions, Defendants determined that O'Fallon had reservations about the accommodations and confirmed Defendants' decision to terminate O'Fallon.

21. O'Fallon again told her supervisors that she would comply with the accommodations, regardless of any reservations she may have, and even volunteered to be on "probation" to prove she would comply with the accommodations.

22. Defendants unjustifiably refused O'Fallon's offer and terminated her.

## COUNT I

## Federal Civil Rights Act

23. This is a claim against Defendants for discrimination based upon religion brought under 42 U.S.C. §2000e *et seq*.

24. O'Fallon realleges and incorporates herein the allegations of Paragraphs One through Twenty-Two above.

25. Defendants engaged in intentional discrimination based on religion by terminating O'Fallon because O'Fallon would not get the COVID-19 vaccines.

26. Defendants claim they offered O'Fallon accommodations but effectively Defendants did not do so. O'Fallon agreed to comply with the

accommodations, but Defendants did not allow O'Fallon to accept the accommodations because O'Fallon expressed reservations about the accommodations.

27. Defendants therefore fired O'Fallon because of her beliefs, not because she did not comply with the accommodations.

28. Defendants' actions violated 42 U.S.C. §2000e, *et seq.*

29. Defendants' discrimination caused O'Fallon to suffer lost wages, lost bonuses and other benefits, job search expenses, other economic damages, damages to her professional reputation, humiliation, loss of dignity, and other non-economic injuries.

30. O'Fallon has retained the undersigned attorney and is obligated to pay him a reasonable fee for his services. Defendants are obligated to pay those fees under 42 U.S.C. §1981, 42 U.S.C. §2000e et seq., and other applicable laws.

WHEREFORE, O'Fallon demands judgment against Defendants for compensatory damages, consequential damages, attorneys' fees, costs, and such further relief as the Court deems just and proper.

## COUNT II

## Florida Civil Rights Act

31. This is an action against Defendants for violation of the Florida Civil Rights Act ("FCRA") Fla.Stat. §760.10, *et seq.*

32. This claim arises from the core of facts so relevant to the federal claims alleged above that they form the same case or controversy. Therefore, this Court has jurisdiction over this claim pursuant to 28 U.S.C. §1367(a).

33. O'Fallon realleges and incorporates herein the allegations of Paragraphs One through Twenty-Two above.

34. O'Fallon is a member of a protected class under FCRA.

35. Defendants subjected O'Fallon to disparate treatment based on her religion.

36. Defendants violated the FCRA by terminating O'Fallon for refusing to get the COVID-19 vaccines without effectively providing a reasonable accommodation.

37. Defendants' actions were intentional, willful, and done with malice as demonstrated above.

38. O'Fallon has suffered damages as a result of Defendants' violations of FCRA, including but not limited to lost wages, lost bonuses and other benefits,

damage to professional reputation, job search expenses, other economic damages, humiliation, loss of dignity, and other non-economic injuries.

39. Defendants' actions were committed with such maliciousness, wantonness, or oppression as to justify an award of punitive damages.

40. O'Fallon has retained the undersigned attorney and is obligated to pay him a reasonable fee for his services. Defendants are obligated to pay those fees under Fla. Stat. §760.11(5) and other applicable laws.

WHEREFORE, O'Fallon demands judgment against Defendants for compensatory damages, consequential damages, liquidated damages, punitive damages, attorneys' fees, costs, and such further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

O'Fallon hereby demands trial by jury for all claims so triable.

        GARY L. BUTLER, PA

        By: __/s/ *Gary L. Butler*_____
         Gary L. Butler, Esq.
         Florida Bar No.: 628999
         Post Office Box 4575
         Seminole, FL 33775
         Telephone: (727) 623-0460
         Facsimile: (727) 214-1204
         gary@glbutler.com
       Attorney for Plaintiff